IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ODIS ODELL BERRY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0543-N |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Odis Odell Berry, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner was placed on community supervision following his plea of guilty to aggravated assault. While under supervision, petitioner violated several conditions of his release, including using marijuana and cocaine. The trial court revoked his community supervision, found petitioner guilty of the underlying offense, and sentenced him to 10 years confinement. His conviction and sentence were affirmed on direct appeal and state collateral review. *Berry v. State*, No. 05-03-01163-CR, 2004 WL 886278 (Tex. App.--Dallas, Apr. 27, 2004, no pet.); *Ex parte Berry*, No. 63,618-01 (Tex. Crim. App. Jan. 11, 2006). Petitioner then filed this action in federal court.

II.

In multiple grounds for relief, petitioner contends that: (1) his guilty plea was coerced and unlawfully induced; (2) his conviction was obtained through use of a judicial confession that violated his privilege against self-incrimination; (3) the evidence was legally insufficient to support his guilty plea and resulting conviction; (4) the indictment was defective; (5) his sentence is illegal; and (6) the trial court improperly denied his motion for new trial.

By order dated May 19, 2006, the court *sua sponte* questioned whether this case is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on June 5, 2006. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The one-year statute of limitations is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 10 years confinement for aggravated assault. The court of appeals affirmed his conviction on April 27, 2004. Petitioner did not seek further review in the Texas Court of Criminal Appeals. Therefore, his conviction became final 30 days thereafter, or on May 27, 2004. TEX. R. APP. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing). *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner filed an application for state post-conviction relief on November 3, 2005. The application was denied on January 11, 2006. Petitioner filed the instant case on March 23, 2006.

The limitations period started to run on May 27, 2004, when petitioner's conviction became final. *See* 28 U.S.C. § 2254(d)(1)(A). Yet petitioner waited more than *17 months* before seeking state or federal post-conviction relief. In his reply, petitioner argues that he could not file a federal writ until he exhausted his state remedies and that "the time during which a properly filed writ application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitation." (Pet. Reply at 1, *citing* 1 Offenders Legal Handbook § 4.22 (9th ed. Sept. 2003)). While this is a correct statement of the law, petitioner makes no attempt to explain why he waited more than one year after

his conviction became final to file a state writ of habeas corpus. Statutory tolling does not apply under these circumstances. Nor is equitable tolling permitted merely because petitioner misinterpreted the law and believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.").

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 7, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE